**Kurt M. Rylander**, WSBA 27819
rylander@rylanderlaw.com
**RYLANDER & ASSOCIATES PC**
406 West 12th Street
Vancouver, WA 98660
Tel: 360.750.9931
Fax: 360.397.0473
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# TACOMA DIVISION

| | |
|---|---|
| **DERRAL FLEMING**, an individual, and **MAG ENTERPRISES, LLC**, a Washington company,<br><br>Plaintiff(s),<br><br>v.<br><br>**SCOTT PARNELL**, an individual, and **SAMSON SPORTS, LLC**, a Washington company,<br><br>Defendant(s). | No. _____<br><br>COMPLAINT<br>For Declaration of Noninfringement of Copyright, Invalidity of Copyright Registrations, and Ownership of Copyright Registrations Copyright, Breach of Fiduciary Duty, Dissolution of Partnership, and Equitable Relief<br><br>JURY TRIAL DEMANDED |

COMES NOW Plaintiffs, DERRAL FLEMING and MAG ENTERPRISES, LLC, and by this Complaint seeks declaratory relief, among other things, against Defendants SCOTT PARNELL and SAMSON SPORTS, LLC for: (1) Declaration of noninfringement of copyrights; (2) Declaration of invalidity of copyrights; (3) declaration of ownership of copyrights; (4) breach of fiduciary duties, and (5) dissolution of partnership, accounting, and equitable distribution, and alleges as follows:



## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action. This Court has Federal Question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 as an action arising under the laws of the United States, including Title 17 of the United States Code relating to copyrights. This action requests, among other things, declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 for the purpose of determining questions of actual controversy between the parties under the Copyright Act, 17 USC. §§ 102(b), 106, and 501, among others..

2. This Court has pendent jurisdiction over the state claims under 28 U.S.C. § 1338(b) in that said claims are joined with substantial and related claims under the Copyright Laws of the United States, Title 17 United States Code. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Pursuant to Rule 9(c), Plaintiffs plead that all acts and conditions precedent for establishing jurisdiction have been performed or have occurred.

3. Venue and personal jurisdiction are proper in this district pursuant to 28 U.S.C. § 1400, 28 U.S.C. § 1391(b) and (c), and, pursuant to FRCP 4, Washington's long arm jurisdictional rules and statutes in that Defendant(s) reside in this district and/or can be found in this district by virtue of their activities, are engaged in substantial and not isolated activities in this district, and engaged in acts in this district and/or injured persons in this district in conjunction with activities carried on within this district by



Defendants and/or in the ordinary course of trade of Defendants.

4. Plaintiffs are informed and believes and on that basis alleges that this Court has personal jurisdiction over Defendants by virtue of Defendants transacting and doing business in this judicial district.

## PARTIES

5. Plaintiff DERRAL FLEMING (hereinafter "Fleming"), is an individual residing in Clark County, Washington.

6. Plaintiff, MAG ENTERPRISES, LLC (hereinafter "MAG"), is a Washington company located in Clark County, Washington. It is owned and operated by Derral Fleming.

7. Defendant, SAMSON SPORTS, LLC (hereinafter "Samson"), is a Washington company having principal place of business on 4325 NW Lake Road, Camas, WA 98607.

8. Defendant, SCOTT PARNELL (hereinafter "Parnell"), is an individual residing in Clark County, Washington. Plaintiffs are informed and believe and on that basis allege that Parnell has complete dominion and control over Samson.

## COMMON ALLEGATIONS OF FACT

9. MAG was established in January, 2006 to develop and sell new products and equipment created by Fleming. One of the products MAG designs,

3—COMPLAINT



manufactures and installs is a modular American's with Disabilities Act ("ADA") compliant handicap access ramps, landings and stair systems.

10. Fleming was employed by the Evergreen Public Schools in Vancouver, Washington, as a senior construction manager from 1992 to 2008. Fleming was involved in the construction of new schools and portable classrooms. Fleming's position required that Fleming be experienced in ADA access requirements. During this time, Fleming observed that ADA requirements were becoming more and more stringent and construction utilizing wood products became difficult at best. Aluminum ADA ramps became the preferred alternative but production issues and delivery schedules were ongoing issues.

11. On or about July, 2008, Fleming worked as a consultant on a one year contract for a company exploring design and manufacturing options for an ADA access ramp system. While Fleming was under contract with the company, an ADA ramp system was designed and manufactured. The company offered Fleming a position as a sales representative to market the ADA ramp system but Fleming declined in order to pursue his own ADA ramp access system business.

12. Between January 2009 and October 2009, Fleming developed an ADA ramp system using polypropylene and universal guardrail/handrail systems. As part of this process, Fleming authored copyrighted drawings for the system (the "original drawings").



13. Parnell is the managing member of Samson. Fleming and Parnell had met a few months earlier at the annual Portland Boat Show whereby Parnell expressed an interest in an anchor release system developed by Fleming. The conversation between Fleming and Parnell led to a discussion of Flemings involvement in designing ADA access ramp systems.

14. Parnell indicated that he would be interested in the ADA access ramp business if an opportunity arose. As part of discussions, Fleming showed Parnell Fleming's original drawings for an ADA access ramp system.

15. Fleming and Parnell agreed to form a partnership ("the partnership") to design, manufacture and sell an ADA compliant access ramp system. Samson, managed by Parnell, was the managing general partner owning 51% of the partnership. MAG owned the remaining 49% of the partnership. had the responsibility of providing the initial funding, invoicing, collecting partnership income, paying partnership expenses, as well as maintaining licenses, insurance and reporting of sales and income taxes. MAG's responsibilities through Fleming, due to his expertise in the ADA access ramps, included allowing the partnership to use Flemings ADA access ramp design, including Fleming's copyrighted original drawings. Fleming was in charge of guiding the construction process, ensuring usability and code compliance as well as utilization of Fleming's contacts with mobile/modular builders and users, and guidance in the marketing and production of the ADA access ramp system.

5—COMPLAINT
1/29/2013 5:28:40 PM FLED.001

RYLANDER
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

16. In October 2009, MAG, through Fleming, worked with Samson to build a prototype product that would be evaluated for code compliance, on site construction, installation feasibility and marketability to mobile manufacturers and public agencies. The prototype was constructed and derived from the original drawings of the ADA access ramp which Fleming authored.

17. Fleming solicited a bid from an engineer to provide technical drawings and construction details for the ramp system based on the original drawings Fleming authored and measurements of the prototype. Parnell didn't agree to the bid and offered to have Fleming's original drawings finalized by Parnell's own contactor, Frederickson, who Parnell said could provide the technical drawings at a lesser cost. In 2011, these technical drawings were completed (hereinafter, "the technical drawings") and derived from the Fleming authored original drawings of the ADA access ramp concept, and the prototype, which is itself a derivative of the original drawings...

18. From Spring 2010 to December 2011 the partnership completed two phases of construction and fabrication. MAG supplied manufacturing labor for all projects manufactured in the Samson facility. MAG has not been compensated for the labor hours which, at $35.00 per hour, totals $52,000.00.

19. MAG provided the marketing for all projects, many projects being sold through Flemings contacts. MAG was not compensated for this work.

20. The partnership paid MAG for installation of the ADA access ramps where installation was necessary. Samson admitted to the Department



of Labor & Industries the installer was a part owner of the business, however, MAG has not received its share of the partnership profits which are estimated to be approximately $52,680.00.

21. On or about January, 2012, MAG and Fleming notified Samson of partnership inventory that MAG had in MAG's facility. The inventory value was estimated at $22,956.00.

22. On or about April, 2012, Samson seized the technical drawings. Samson, through Parnell's sister, Vicki Ballou, then filed copyright registration applications for many of the technical drawings without the consent or knowledge of Fleming or MAG.

23. MAG and Fleming withdrew from the partnership on or about May 29, 2012.

24. MAG and Fleming demanded a partnership accounting on or about July 27, 2012 which Defendants have refused to provide.

25. The technical drawings were done on behalf of the partnership of Samson and MAG. To the extent that Parnell and Samson deny the existence of a partnership, then the technical drawings were unauthorized by Fleming and MAG, and, as derivatives, are owned exclusively by Fleming.

26. Plaintiffs are informed and believe and on that basis allege that the technical drawings do not add any creative expression, and that they merely formalize the prototype which is a derivation of Fleming's original drawings, and therefore are a clearly derivation of Fleming's original drawings.


RYLANDER & ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

27. Plaintiffs are informed and believe and on that basis allege that had Ms. Ballou disclosed the prior existing Fleming's original drawings to the Copyright Office when she filed for registration of the technical drawings, registration would have been denied, and in any case title does or should belong either to Fleming or to the partnership.

28. Plaintiffs are informed and believe and on that basis allege that Samson seized the technical drawings from the partnership and wrongfully registered copyrights in many of the technical drawings as sole owner without the consent of Fleming or MAG. Fleming is the author of the ADA access ramp system concept and is the only person or entity entitled to copyright protection.

29. Plaintiffs are informed and believe and on that basis allege that Samson wrongfully detains the partnership technical drawings. Samson is not holding the technical drawings for tax, assessment, or fine pursuant to a statute, nor is Samson holding the technical drawings under an execution or attachment against the partnership.

30. In November 2012, Samson filed a Complaint for Replevin against Fleming and MAG, Clark County Superior, Civil Action No. 12-2-04160-5 (hereinafter, "the State Court Action").

31. In the State Court Action, by way of counterclaim, MAG and Fleming sought a declaratory judgment that the technical drawings belong to the partnership and that Fleming is entitled to any copyrights as author, or, in the alternative, if the State court found that the business relations between



Samson and MAG do not rise to the level of a general partnership, then Fleming, as author, be named the rightful owner of any copyrights to the ADA access ramp system drawings derived from his design and materials concept, and an equitable solution be determined for the uncompensated time and labor contributed by MAG and Fleming.

32. Samson by letter, using Parnell's attorney sister, Vicki A. Ballou, asserted that MAG and Fleming infringed Samson's copyrights and otherwise violated Federal Copyright Law, asserting, among other things, that MAG and Fleming is liable for willful copyright infringement and damages for up to $150,000 for each work infringed.

33. In that copyright infringement letter, Ms. Ballou, for Samson, asserted infringement by MAG and Fleming, of

    a. Copyright Registration #VAu001098698;

    b. Copyright Registration #VAu0010989701; and

    c. Copyright Registration #VAu001098703.

34. Ms. Ballou, for Samson, contends that Plaintiffs use of Samson's drawings and designs, including modification, distribution, and copyright, constitutes copyright infringement.

35. Plaintiffs reasonably fear that their use of Fleming's original drawings, and any derivatives thereof, including prototypes and exemplars, to design, build and/or sell ADA ramp systems, to bid for the design, building and/or selling of ADA ramp systems, to contract for the design, building, or

9—COMPLAINT
1/29/2013 5:28:40 PM FLED.001



RYLANDER
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

selling of ADA ramp systems, and/or to perform under contracts for the design, building, or selling of ADA ramp systems, will subject Plaintiffs based on Sampson's threats to suit for copyright infringement or other legal action in which copyright rights are asserted by Sampson.

36. By the same letter, Ms. Ballou also asserted that MAG and Fleming was liable to Samson for misappropriation of trade secrets.

37. Plaintiffs are informed and believe and on that basis allege that the applications for these copyright registrations were filed by Ms. Ballou in April 2012.

38. Plaintiffs are informed and believe and on that basis allege that in the April 2012 copyright registration applications Ms. Ballou knowingly, intentionally and falsely (a) stated that the drawings were not based on pre-existing works; (b) stated that they were completed in 2009; (c) stated that they were owned by Samson.

39. Plaintiffs are informed and believe and on that basis allege that The technical drawings submitted by Ms. Ballou are derived in substantial measures from Mr. Fleming's prior existing material, and thus the copyright registrations should not be enforceable.

40. Plaintiffs are informed and believe and on that basis allege that Mr. Fleming is the owner of the preexisting work drawings and thus is the owner by right and title to any derivative works, including the technical drawings submitted by Ms. Ballou.


RYLANDER & ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

41. The new material in the copyright registrations submitted by Ms. Ballou is not separable in substance from the preexisting work of Mr. Fleming.

42. The State Court Action cannot resolve, among other things, the issue of infringement or invalidity of copyrights. While it is possible that a State Court could resolve the issue of ownership of copyrights, subject to contractual obligation, it cannot determine ownership as a matter of law under the statute. Further, under the statute, a copyright assignment must be in writing to be enforceable. Fleming never assigned his copyrights, or the derivative works thereof.

43. Plaintiffs are informed and believe and on that basis allege that Fleming is the owner of the copyright(s) in all works and derivatives thereof, related to ramp designs, including but not limited to the copyright registrations asserted by Ballou.

44. Plaintiffs are informed and believe and on that basis allege that there is an actual, present and existing dispute regarding whether ownership, validity, and infringement of the copyright registrations asserted by Ballou, and the parties have genuine and opposing interests, that the opposing interests between the parties are direct and substantial, that a judicial determination of the validity, infringement and/ ownership of the copyright registrations will be final and conclusive, and that this suit is therefore ripe and appropriate for resolution by this Court.

11—COMPLAINT
1/29/2013 5:28:40 PM FLED.001



RYLANDER
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

## FIRST CLAIM FOR RELIEF—

## DECLARATION OF NO COPYRIGHT INFRINGEMENT

45. Plaintiffs re-allege every paragraph in this Complaint.

46. An actual controversy exists among Plaintiffs and Defendants as to whether the Plaintiffs infringe the copyright interests asserted by Defendants.

47. Plaintiffs seek a declaration from this Court that Plaintiffs do not infringe any copyright other proprietary right owned and/or alleged to be owned by Defendants; that Defendants do not own the copyrights asserted, and/or that the copyright registrations asserted are invalid.

48. These actual controversies warrant relief by declaring the rights and liabilities of the parties pursuant to 28 U.S.C. § 2201.

## SECOND CLAIM FOR RELIEF—

## DECLARATION OF COPYRIGHT REGISTRATION INVALIDITY

49. Plaintiffs re-allege every paragraph in this Complaint.

50. An actual controversy exists among Plaintiffs and Defendants as to whether the Plaintiffs infringe valid copyright interests asserted by Defendants.

51. Plaintiffs seek a declaration from this Court that the copyright registrations asserted are invalid.

52. These actual controversies warrant relief by declaring the rights



and liabilities of the parties pursuant to 28 U.S.C. § 2201.

# THIRD CLAIM FOR RELIEF—

# DECLARATION OF COPYRIGHT OWNERSHIP

53. Plaintiffs re-allege every paragraph in this Complaint.

54. An actual controversy exists among Plaintiffs and Defendants as to whether the copyrights asserted by Defendants are owned by Plaintiff.

55. Plaintiffs seek a declaration from this Court that Defendants do not own the copyrights asserted, and that ownership in any copyrightable material in the drawings covered by Defendants' asserted copyright registrations is, by law and equity, owned by Fleming as the author of the original works. Fleming has not transferred or assigned his ownership in the copyright of the original works or the derivative technical drawings and as such title should be declared owned by Fleming, as the author.

56. These actual controversies warrant relief by declaring the rights and liabilities of the parties pursuant to 28 U.S.C. § 2201.

# FOURTH CLAIM FOR RELIEF—

# BREACH OF FIDUCIARY DUTY

57. Plaintiffs re-allege every paragraph in this Complaint.

58. Plaintiffs are informed and believes and on that basis alleges that Samson, and Parnell through his dominion and control of Samson and thus of


RYLANDER
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

the partnership, have breached fiduciary duties owed to Plaintiffs by misappropriating and/or converting partnership assets, failing to account for use and disposition of partnership assets, and commingling with Samson's own accounts, partnership assets; that these breaches directly, foreseeably, and proximately caused damage to Plaintiffs.

## FIFTH CLAIM FOR RELIEF—
## DISSOLUTION OF PARTNERSHIP, ACCOUNTING,
## AND EQUITABLE DISTRIBUTION

59. Plaintiffs re-allege every paragraph in this Complaint.

60. Plaintiffs pray that the Court order dissolution of the partnership between Samson and MAG, order an Accounting of all partnership assets, expenses, income and profits, and, in winding up, equitably distribute the partnership assets, profits, income and expenses as the Court deems just and equitable including, but without limitation, declaring and/or confirming ownership in all copyrightable drawings in and to Fleming.

## DEMAND FOR JUDGMENT & PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray for judgment against the Defendants as follows:

(a) That the Court declare pursuant to 28 U.S.C. § 2201 that Plaintiffs have not infringed the copyrights owned or claimed by Defendants; or

14—COMPLAINT
1/29/2013 5:28:40 PM FLED.001



alternatively, or additionally, that the copyright registrations asserted by Defendants are invalid; or alternatively, or additionally, that the copyright registrations asserted by Defendants are owned by Plaintiffs;

  (b) Such further and necessary relief as may be appropriate under either 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 or as this Court deems just and proper as a matter of law or equity.

  (c) Granting judgment in favor of Plaintiffs against Defendants on all claims;

  (d) Awarding actual, general and specific, consequential and incidental, damages against Defendants, jointly and severally, in an amount to be determined at trial;

  (e) Awarding Plaintiffs exemplary, statutory, and/or treble damages against Defendants, jointly and severally;

  (f) Enjoining Defendants to conduct an Accounting for all assets, incomes, and expenses of any partnership deemed to exist between Plaintiffs and Defendants;

  (g) Ordering the Dissolution of any partnership deemed to exist between Plaintiffs and Defendants;

  (h) Equitably distributing to Plaintiffs all assets of any partnership deemed to exist between Plaintiffs and Defendants;

  (i) Ordering Defendants to disgorge any and all assets of any partnership deemed to exist between Plaintiffs and Defendants that have been



RYLANDER & ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

commingled with assets of Defendants and/or misappropriated by Defendants;

(j) Enjoining Defendants from interfering, impeding, or otherwise obstructing Plaintiffs exploitation of Plaintiff's copyrights, including through contracts for ADA ramp systems;

(k) Awarding Plaintiff's its reasonable attorneys' fees and costs, including costs for experts, pursuant to State and Federal law;

(l) Awarding Pre- and post- judgment interest; and

(m) Entering such other and further relief as the Court deems appropriate under the circumstances.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues so triable in this action.

DATED January 29, 2013      /s/ Kurt M. Rylander
                            KURT M. RYLANDER, WSBA 27819
                            rylander@rylanderlaw.com

                            RYLANDER & ASSOCIATES PC

                            P.O. Box 250
                            Vancouver, WA 98666
                            Tel: (360) 750-9931
                            Fax: (360) 397-0473
                            Of Attorneys for Plaintiff

