Jon P. Stride, WSBA #34686
    Direct Dial: 503.802.2034
    Direct Fax: 503.972.3734
    Email: jon.stride@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR  97204-2099

Attorneys for Defendants Scott Parnell and Samson Sports LLC

Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# TACOMA DIVISION

DERRAL FLEMING, an individual, and MAG ENTERPRISES, LLC, a Washington company,

        Plaintiffs,

v.

SCOTT PARNELL, an individual, and SAMSON SPORTS, LLC, a Washington company,

        Defendants.

Case No. 13-cv-5062-BHS

**DEFENDANT PARNELL'S MOTION TO QUASH PLAINTIFFS' SUBPOENA *DUCES TECUM* ISSUED TO UNITUS COMMUNITY CREDIT UNION**

—AND SUPPORTING MEMORANDUM—

*Oral Argument Requested*

*Note on Motion Calendar:* May 10, 2013

## LCR 37 CERTIFICATION

The undersigned counsel of record for defendants Scott Parnell and Samson Sports LLC hereby certifies that he made a good faith effort to resolve the issues raised in this motion with counsel for plaintiffs Derral Fleming and MAG Enterprises, LLC but plaintiffs' counsel was unable to converse by telephone to resolve the issues.

/ / / / /

DEFENDANT PARNELL'S MOTION TO QUASH  -1-
PLAINTIFFS' SUBPOENA *DUCES TECUM* TO
UNITUS COMMUNITY CREDIT UNION
Case No. 13-cv-5062-BHS

Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon  97204
503.221.1440

## MOTION

Pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure, defendant Scott Parnell ("Parnell") hereby moves the Court for an order quashing the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action dated April 10, 2013 issued by Plaintiffs and served on Unitus Community Credit Union ("Subpoena").

The Subpoena requires non-party Unitus Community Credit Union ("Unitus") to produce sensitive financial documents regarding Parnell. The subpoena should be quashed because the documents requested are not relevant to any material issue in this case. This Motion is supported by the memorandum set forth below, the declarations of Jon P. Stride and Scott D. Parnell filed herewith, and the documents and pleadings on file in this case.

## MEMORANDUM

### I.     INTRODUCTION AND FACTUAL BACKGROUND

On April 10, 2013, Kurt M. Rylander, attorney for Plaintiffs, issued the Subpoena to Unitus ordering it to produce all bank records regarding Defendants Parnell and Samson. A copy of the Subpoena and accompanying cover letter from Mr. Rylander are attached to the Declaration of Jon P. Stride ("Stride Decl."), filed herewith.

Plaintiffs' Subpoena seeks cancelled checks, bank statements and other financial records for all bank accounts in the name of Samson Sports LLC and various other accounts with the "Samson" name (collectively, the "Samson bank records") and cancelled checks, bank statements and other financial records for all bank accounts in the name of Scott D. Parnell. (Stride Decl. ¶ 5.) No protective order is in place. (Stride Decl. ¶5.)

This case involves disputes related to the dissolution of a partnership between Samson and Plaintiff Derral Fleming for the design, manufacture and sale of handicap access

DEFENDANT PARNELL'S MOTION TO QUASH     -2-
PLAINTIFFS' SUBPOENA *DUCES TECUM* TO
UNITUS COMMUNITY CREDIT UNION
Case No. 13-cv-5062-BHS

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503.221.1440

ramps (the "ramp partnership"). It also includes claims relating to copyright ownership and infringement, breach of contract, unjust enrichment, false advertising and tortious interference with prospective business relations.

## II. STANDARD FOR ISSUING A SUBPOENA

All discovery is subject to the limitations imposed by Fed. R. Civ. P. 26. Rule 26(b)(1) permits discovery only of matters relevant to the parties' claims and defenses. Rule 26(b)(2)(C)(iii) requires a court to limit discovery that is otherwise allowed by the rule if the court determines that the burden of the proposed discovery outweighs its likely benefit, considering the needs of the case or the importance of the discovery in resolving the issues. Rule 26 gives district courts broad latitude to limit the extent of discovery otherwise allowed and to issue orders that justice requires to protect a party or person from annoyance, embarrassment, oppression, undue burden or other improper purposes. Rule 26(c)(1) and Rule 26(g)(1)(B)(ii).

Fed. R. Civ. P. 45 governs subpoenas. Rule 45(c)(3)(B) permits courts to quash subpoenas that require the disclosure of trade secrets or other confidential research, development or commercial information.

## III. DISCUSSION

### A. Samson bank records.

The Subpoena seeks all of the Samson bank records. Plaintiffs' lawyers have stated that even though the Joint Status Report for this case has not yet been entered by this court, Plaintiffs will treat as confidential all of the cancelled checks, bank statements and other financial records for bank accounts in the name of Samson Sports LLC and any other Samson accounts that Unitus produces under the Subpoena (the "Samson bank records"). Based on those assurances, Defendants do not object to the Subpoena as it relates to the Samson bank records.

DEFENDANT PARNELL'S MOTION TO QUASH   -3-
PLAINTIFFS' SUBPOENA *DUCES TECUM* TO
UNITUS COMMUNITY CREDIT UNION
Case No. 13-cv-5062-BHS

Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503.221.1440

**B.     Parnell's bank records are not relevant to this case.**

Defendants do, however, object to the Subpoena as it relates to Defendant Scott Parnell's accounts. The only accounts at Unitus under the name "Scott D. Parnell" are accounts used by Parnell and his wife exclusively for their personal, household and family expenses. (Declaration of Scott D. Parnell ("Parnell Decl.") ¶ 4.) Plaintiffs' Subpoena seeks discovery that is highly personal. For example, the deposit slips and cancelled checks from the Parnells' personal bank accounts would disclose the Parnell family's medical expenses, the amount they spend on groceries, where they travel, which charities they support, and what types of entertainment they like. They will disclose information about the sources and amount of income of Parnell's wife, who is not a party to this lawsuit, as well as reveal her personal expenses. This information is not relevant to any claim or defense in this case.

The United States Supreme Court, in a case involving the financial records of a nonprofit organization, recognized that even though Rule 26 does not contain a specific reference to privacy, that interest is implicit in the broad purpose and language of Rule 26. *Seattle Times Company v. Rhinehart*, 467 US 20, n.21 (1984).

The courts have interpreted *Seattle Times* to mean that when highly personal information is sought by a litigant and its relevance is not apparent on the face of the discovery request, the party seeking that discovery has the burden of proving the relevance of the request. *Steil v. Humana Kansas City, Inc.*, 197 FRD 442 (D Kan 2000) (a case in which the court denied the plaintiff's discovery of contracts and information about the structure of the defendant's corporate affiliates).

/ / / / /

/ / / / /

DEFENDANT PARNELL'S MOTION TO QUASH   -4-
PLAINTIFFS' SUBPOENA *DUCES TECUM* TO
UNITUS COMMUNITY CREDIT UNION
Case No. 13-cv-5062-BHS

Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503.221.1440

Put another way:

> "If it is established that confidential information is being sought, the burden is on the party seeking discovery to establish that the information is sufficiently relevant and necessary to his case to outweigh the harm disclosure would cause to the person from whom he is seeking the information. This should include consideration of all pertinent circumstances, including dangers of abuse [and the requesting party's] good faith. If the party seeking discovery fails to show that the * * * confidential information it is seeking is necessary and relevant, discovery will be denied * * *."

Wright & Miller § 2043 at 248, 249.

Privacy is a particular concern in this case because not only is Vancouver in many ways a small town, but Parnell and Fleming worked in the same industry for over two years, and have many common acquaintances.

According to the court in *Melendez v. Primavera Meats, Inc.*, 270 FRD 143, 144 (EDNY 2010), the modern trend of addressing discovery requests that seek private financial information requires the party seeking that information to prove two things: (1) the requested information is relevant to the subject matter of the action, and (2) there is a compelling need because the information is not readily obtainable from a less intrusive source.

Plaintiffs cannot meet either requirement.

### 1. Parnell's personal bank records are not relevant to this case.

Parnell's personal bank records are not relevant to any of Plaintiffs' allegations or to any other issue in this case. Plaintiffs do not assert that Parnell is a partner of the partnership. Plaintiffs do not allege that Parnell was acting in his individual or personal capacity with respect to any of the factual matters that serve as a basis for Plaintiffs' claims for relief or demand for judgment. According to Plaintiffs' complaint, the only relationship Parnell has to this case is that

DEFENDANT PARNELL'S MOTION TO QUASH   -5-
PLAINTIFFS' SUBPOENA *DUCES TECUM* TO
UNITUS COMMUNITY CREDIT UNION
Case No. 13-cv-5062-BHS

Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503.221.1440

he is the managing member of Samson, and Samson, in turn, is the managing general partner of the ramp partnership. (Complaint ¶ 15.)

An analysis of Plaintiffs' complaint confirms that Parnell's personal bank accounts are not in any way relevant to this case.

Plaintiffs' first three claims for relief ask for declarations related to copyrights in drawings Samson registered with the United States Copyright Office. While those claims refer to "Defendants" in several places, Plaintiffs do not assert that Parnell had any involvement with the drawings in his personal and individual capacity[1], and Parnell confirms that (a) he did not act in his personal and individual capacity with respect to the drawings or the registration of the copyrights in those drawings, and (b) any actions he took related to the drawings or the registration of the copyrights in those drawings were taken solely in his capacity as the managing member of Samson. (Parnell Decl. ¶ 5.) Finally, Plaintiffs' copyright claims request declaratory relief. They do not seek damages for infringement. Therefore, Parnell's personal bank account information is not relevant to any of the copyright claims.

Plaintiffs' fourth claim for relief asserts that Samson breached its fiduciary duty to the partnership and to Plaintiffs. It mentions Parnell only in his representative capacity: "Plaintiffs * * * alleges [sic] that Samson, and <u>Parnell through his dominion and control of</u>

---

[1] Only three paragraphs in the complaint mention Parnell in connection with the drawings. In Paragraph 17, Plaintiffs say that Parnell did not agree to the bid submitted by Fleming's engineer to create drawings of the ramp system and instead used Parnell's own contractor to create the drawings. Even if Plaintiffs now contend that Parnell was acting in his personal and individual capacity in that instance, Plaintiffs do not assert that Parnell's decision to use an engineer he had used on other work was in any way wrongful. Two other references state that Parnell's sister, an attorney, filed the applications to register the copyrights in the drawings created by the engineer hired by Samson. (¶¶ 22 and 32.)

DEFENDANT PARNELL'S MOTION TO QUASH   -6-
PLAINTIFFS' SUBPOENA *DUCES TECUM* TO
UNITUS COMMUNITY CREDIT UNION
Case No. 13-cv-5062-BHS

Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503.221.1440

<u>Samson and thus of the partnership</u>, have breached fiduciary duties * * *." (Emphasis added.)[2] It does not directly or indirectly allege that Parnell had any fiduciary duty to Plaintiffs or that *he* breached any duty to Plaintiffs.[3] In any event, Plaintiffs do not allege that Parnell has acted wrongfully in connection with his personal bank accounts.

In their fifth and final claim for relief, Plaintiffs ask the Court for an order dissolving "the partnership between Samson and MAG", an accounting, and an equitable distribution of the partnership's assets. It does not directly or indirectly mention or refer to Parnell.

Parnell did not assert any counterclaims against Plaintiffs. Each of the counterclaims was asserted only by Samson as managing partner of the partnership.

### 2. Plaintiffs have not proved that the information they seek is unavailable from less intrusive sources.

Plaintiffs have served their first discovery request, but Defendants' responses are not yet due. Plaintiffs' discovery request includes 17 interrogatories, 13 requests for admission and 90 document requests. Thus, even if the Plaintiffs can show that the information about the Parnells' personal bank accounts is somehow relevant to this case, Plaintiffs cannot, at least at this stage of discovery, demonstrate that they have a compelling need for that information because it is not readily obtainable from a less intrusive source. *Melendez* at 145.

---

[2] The only other reference to Parnell in the complaint merely addresses the possibility that Parnell and Samson might deny the existence of a partnership (¶ 25), which they have not.

[3] When Mr. Stride, Defendants' counsel, pointed out that Plaintiffs were not entitled to Parnell's personal bank records, Mr. Mark Beatty, Plaintiffs' counsel, disagreed. He cited only two reasons: (a) because Parnell is the managing member of Samson; and (b) because Plaintiffs named Parnell as a defendant. (Stride Decl. ¶6.)

DEFENDANT PARNELL'S MOTION TO QUASH   -7-
PLAINTIFFS' SUBPOENA *DUCES TECUM* TO
UNITUS COMMUNITY CREDIT UNION
Case No. 13-cv-5062-BHS

Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503.221.1440

       Because Parnell's personal bank records are not relevant in any way to the claims or defenses asserted by any party in this case, and because Plaintiffs have not demonstrated a compelling need for that information, Plaintiffs are not entitled to obtain Parnell's bank records under Rule 26 or Rule 45.

## CONCLUSION

       For the reasons stated above, Defendant Parnell respectfully asks this Court to quash Plaintiffs' Subpoena as it relates to his and his family's personal bank records.

DATED: April 19, 2013.

       TONKON TORP LLP


       By /s/ Jon P. Stride
          Jon P. Stride, WSBA #34686
          1600 Pioneer Tower
          888 SW Fifth Avenue
          Portland, OR  97204-2099
          Direct Dial:  503.802.2034
          Direct Fax:  503.972.3734
          Email: jon.stride@tonkon.com

          Attorneys for Defendants Scott Parnell and Samson Sports LLC

DEFENDANT PARNELL'S MOTION TO QUASH   -8-
PLAINTIFFS' SUBPOENA *DUCES TECUM* TO
UNITUS COMMUNITY CREDIT UNION
Case No. 13-cv-5062-BHS

Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503.221.1440

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANT PARNELL'S MOTION TO QUASH PLAINTIFFS' SUBPOENA *DUCES TECUM* ISSUED TO UNITUS COMMUNITY CREDIT UNION on:

    Kurt M. Rylander
    Email: rylander@rylanderlaw.com
    Mark E. Beatty
    Email: beatty@rylanderlaw.com
    Rylander & Associates PC
    PO Box 250
    Vancouver, WA  98666
        Attorneys for Plaintiff

[☑] by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below;

[ ] by faxing a copy thereof to each attorney at his last-known facsimile number on the date set forth below;

[ ] by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each attorney's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth below;

[ ] by causing a copy thereof to be hand-delivered to said attorneys at each attorney's last-known office address on the date set forth below;

[ ] by sending a copy thereof via overnight courier in a sealed, prepaid envelope, addressed to each attorney's last-known address on the date set forth below.

[ ] by concurrently electronically mailing this document in Word format to each attorney's last-known e-mail address on the date set forth below.

DATED: April 19, 2013.

        TONKON TORP LLP

        By /s/ Jon P. Stride
            Jon P. Stride, WSBA #34686
            Attorneys for Defendants Scott Parnell and Samson Sports LLC

036375/00005/4493339v3

CERTIFICATE OF SERVICE
Case No. 13-cv-5062-BHS
-1-
Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon  97204
503.221.1440