UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DERRAL FLEMING, et al,

          Plaintiffs,

   v.

SCOTT PARNELL, et al.,

          Defendants.

CASE NO. C13-5062 BHS

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL

    This matter comes before the Court on Plaintiffs' motion to compel (Dkt. 23), the Court's order on Defendant's motion for special protective order which required additional briefing on the unresolved discovery issued in Plaintiffs' motion to compel (Dkt. 49), and the parties' joint submission regarding those unresolved issues (Dkt.53). The Court has considered the pleadings and the remainder of the file. For the reasons stated herein, the Court grants in part and denies in part Plaintiffs' motion to compel.

## I. PROCEDURAL & FACTUAL BACKGROUND

    On January 29, 2013, Plaintiffs Darnell Fleming ("Fleming") and MAG Enterprises, LLC ("MAG") filed suit against Defendants Parnell and Samson Sports,

ORDER - 1

LLC ("Samson"), a company which Parnell owns. Dkt. 1.  The complaint seeks (1) a declaration of noninfringement of copyrights; (2) declaration of invalidity of copyrights; (3) declaration of ownership of copyrights; (4) breach of fiduciary duties; and (5) dissolution of partnership, accounting and equitable distribution. *Id*. at 1.  The allegations in the complaint involve the formation of a partnership between Plaintiffs and Defendants to design, manufacture and sell an American with Disabilities Act ("ADA") compliant access ramp system.  Dkt. 1 at 5.

On June 6, 2013, Plaintiffs filed a motion to compel seeking production of Samson's financial records and accounting database as well as Parnell's financial records and other discovery which relate to specific and numerous interrogatories and requests for production ("RFP").  Dkt. 23.  On June 26, 2013, Defendants filed a brief in opposition to Plaintiffs' motion to compel combined with a motion for a special protective order regarding attorney's eyes only designated documents ("AEO").  Dkt. 26.  On June 21, 2013, Plaintiffs replied to Defendants' brief in opposition to their motion to compel.  Dkt. 30.  On August 23, 2013, the Court issued an order on various motions interrelated motion, including, but not limited to, Defendants' motion for a special protective order, which it granted in part and denied in part, and the Plaintiffs' motion to compel.  Dkt. 49.   In light of both the Court's rulings on Defendants' motion for a special protective order and any resolutions at which the parties have arrived regarding the items Plaintiffs sought through their motion to compel, the Court directed the parties to meet and confer regarding outstanding discovery matters and attempt to resolve them. Id. Additionally, by August 30, 2013, the Court ordered the parties to submit a joint brief

indicating which discovery disputes from Plaintiffs' motion to compel remain and summarize of the parties' respective positions as to each dispute. *Id*. The parties did so. Dkt. 53.

## II. DISCUSSION

**A. Motion to Compel**

    **1.   Unresolved Requests for Production**

The Plaintiffs maintain RFPs 10, 11, 13, 14, 23, 26, 27, 30, 34, 36 and 75 remain unresolved because Defendants still have not produced Samson's complete QuickBooks database. Dkt. 53 at 2. Based on the record, it appears that Defendants produced what they claimed to be the "entire QuickBooks database of Samson Sports LLC." *Id*. However, Plaintiffs maintain that after a review of the production, it was not the complete database. *Id*.

Defendants neither dispute that their production was incomplete nor that they made representation that it was complete. *Id*. at 3. However, Defendants do maintain they were unaware that their production was incomplete until receipt of the Plaintiffs' draft of the joint brief required by the Court. *Id*. Defendants assert it was not their intent to produce an incomplete copy, and upon notice by Plaintiffs, they had their bookkeeper and paralegal investigate the mistake. *Id*. Ultimately, Defendants maintain they uploaded the complete documents to a portal for Plaintiffs to view at 2:10 on August 30, 2013 (the day the joint brief on the motion to compel was due to the Court) and arranged to have a CD with the same information sent to Plaintiffs' counsel. *Id*. Therefore, Defendants maintain that the RFPs enumerated above have been resolved. *Id*.

1   Plaintiffs acknowledge receipt of Defendants' CD (*id*. at 2, n. 2), though they
2   contend that the delay and incomplete disclosure are gamesmanship on the part of
3   Defendants and in violation of the Court's order requiring production of the database and
4   related documents. *Id*. at 2 (*citing* Dkt. 49). Plaintiffs also contend that due to
5   Defendants' late disclosures, Plaintiffs had no time to verify the documents before
6   submission of their joint brief in accordance with the Court's deadline. *Id*. Therefore,
7   they maintain they cannot state that the RFPs noted above are resolved. *Id*.
8        The Court finds that Plaintiffs are entitled to the complete Samson's Quickbooks
9   database. The motion to compel on this issue is granted.
10       Additionally, Plaintiffs maintain that RFP 35 also remains unresolved. Dkt. 53 at
11  4. This RFP required Defendants to produce all documents relating to Samson's sales
12  from 2009 to the present. *Id*. Plaintiffs explain that this request is broader than the
13  Quickbooks database, as it requires production of documents supporting its entries.
14  Plaintiffs properly observe that the Court's prior order required the production of
15  documents supporting the Quickbooks entries. *Id*. and Dkt. 49 at 6-7 ("Even with the
16  bank records provided by Unitus, Plaintiffs should not be forced to rely on Samson
17  Quickbooks summary"). Thus, Plaintiffs maintain Defendants violated the Court's order
18  and continue to "hedge and withhold" documents, such that Plaintiffs cannot rely on
19  Defendants for "good faith" productions. Dkt. 53 at 4-5.
20       As with the other requests for production, Defendants maintain that they produced
21  all the information requested by Plaintiffs and ordered by the Court via the
22  aforementioned portal and CD on August 30, 2013. *Id*. at 5 (*citing* Dkt. 49). Defendants

state that the recently produced Quickbooks database includes all the information that would support their entries, e.g. purchase orders, estimates, and revenues. *Id.* However, Defendants maintain that to the extent Plaintiffs seek physical copies (rather than the digital ones they have already delivered) they object to the request as duplicative. *Id.* at 5-6.

Plaintiffs' motion to compel on this issue is granted, with the exception that Defendants do not have to produce physical copies of the documents supporting the Quickbooks database entries as that would be unnecessary, so long as Defendants have already included the requested supporting documents in digital form.

## 2. Unresolved Interrogatory

Only one unresolved interrogatory remains, number seven. Dkt. 53 at 6. Interrogatory seven asks the Defendants to "list every email account or address owned, controlled, registered and/or reserved by either or both Defendants, during the period 2009 to the present." *Id.*

To summarize, the dispute over this interrogatory involves the email account of Defendant Parnell's wife, Lynn Parnell ("Mrs. Parnell"). *Id.* at 6-7. Plaintiffs argue that Parnell's verified statement indicated that he was the sole member of Samson; however, the Washington Secretary of State lists Mrs. Parnell as a "Managing Member." *Id.* at 6. Therefore, they demand that her email accounts be identified and her emails and communications be searched for responsive documents. *Id.* Plaintiffs maintain that it is not their "obligation to know who the managing members" are. *Id.* at 7.

1  Defendants state the first time their counsel learned that Plaintiffs were seeking

2  Mrs. Parnell's information was when they received Plaintiffs' draft of the joint brief. *Id*.

3  They maintain that counsel for Defendants did not know Mrs. Parnell was listed as a

4  managing member. *Id*. Upon receiving this information, defense counsel immediately

5  determined the information was "relevant" and provided it to opposing counsel and will

6  instruct Mrs. Parnell to search for responsive documents, which, if any exists, Defendants

7  will produce. *Id*.

8  Defendants and defense counsel should have been aware of who was listed as

9  managing members of Samson and provided that information to Plaintiffs when initially

10  asked. Otherwise, such conduct during discovery can cast a poor light on Defendants'

11  good faith compliance. Nonetheless, Defendants have produced Mrs. Parnell's email

12  information and are, presumably, doing a good faith search of her email for responsive

13  documents, which they admit should be produced.

14  On each of the remaining discovery issues, the Court again directs the parties to

15  meet and confer by September 18, 2013 to ensure that Plaintiffs have received or will

16  receive all the documents or information that this Court has ordered Defendants to

17  disclose. Full compliance with discovery issues on which the Court has ruled should be

18  met by September 25, 2013.

19  **B.  Attorney Fee Awards**

20  While Defendants' discovery responses have not been exemplary, they raise

21  some legitimate concerns in their motion for a special protective order. Therefore, no

22  attorney fees will be awarded at this time. However, the Court reserves the issue of an

1 award of attorney fees in the event the Court later finds that there continues to be a

2 pattern indicating undue delay, bad faith in the production of documents, or other

3 sanctionable non-compliance on the part of Defendants.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

1. Plaintiffs' motion to compel (Dkt. 23) is **GRANTED in part** and **DENIED in part** consistent with this order as well as the Court's prior order on Defendants' motion for a special protective order (Dkt. 49); and

2. Consistent with this order and the timelines established herein, the parties are directed to meet and confer by September 18, 2013, and Defendants are directed to produce any outstanding discovery requests or responses.

Dated this 12th day of September, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge