UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DERRAL FLEMING, an individual, and MAG ENTERPRISES, LLC, a Washington company,

Plaintiffs,

v.

SCOTT PARNELL, an individual, and SAMSON SPORTS, LLC, a Washington company,

Defendants.

CASE NO. C13-5062 BHS

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND DENYING PLAINTIFFS' MOTION TO STRIKE

This matter comes before the Court on Defendants' motion to compel (Dkt. 57) and Plaintiffs' motion to strike (Dkt. 60). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file. For the reasons stated herein, the Court grants the motion to compel and denies the motion to strike.

**I. PROCEDURAL & FACTUAL BACKGROUND**

On September 30, 2013, Defendants filed a motion to compel responses to three interrogatories from Plaintiffs. Dkt. 57. On October 15, 2013 Plaintiffs filed a response in opposition to Defendants' motion and asked the Court to strike two paragraphs from

the declaration of Defendants' attorney Jon Stride. Dkt. 60. On October 18, 2013, Defendants filed a reply and response in opposition to Plaintiffs' motion to strike. Dkt. 64. On October 22, 2013, Plaintiffs filed a surreply. Dkt. 66-1.

## II. DISCUSSION

### A.  Parties' Arguments

Defendants seek to compel responses to interrogatory number 4, regarding information related to invoices; number 11, relating to questions about photographs on Plaintiffs' websites; and number 13, regarding invoices or accounts receivable statements that MAG Enterprises issued to Samson for prefabrication or that bundled two or more items for a single charge. Dkt. 57. Each interrogatory has multiple subparts which seek additional information related to the invoices, statements or photographs. *See, e.g.,* Dkt. 58-1. Defendants argue that Plaintiffs' responses are either incomplete or that Plaintiffs failed to respond entirely. Dkt. 57. As to interrogatory 4, they effectively maintain the responses are so general as to be insufficient and not properly responsive to their query. *See* Dkt. 57 at 3-5.

Plaintiffs in part maintain that Defendants have far exceeded the allotted 25 interrogatories pursuant Fed. R. Civ. P. 33, due to the multiple subparts included in their interrogatories. *See, e.g.,* Dkt. 60 at 2 (arguing Defendants have served at least 227 interrogatories, when discrete subparts are properly counted). Plaintiffs contend that Defendants' interrogatories, which ask multiple, detailed questions about separate documents or photographs, require the interrogatories to be counted as separate interrogatories. *Id.* at 3-4. Additionally, Plaintiffs maintain that the responses they

provided to certain interrogatories, referencing discovery already produced, are sufficient to meet their obligation or were made in good faith, as a courtesy to Defendants who had exceeded the allotted number of interrogatories. *See id.* at 6-7. Finally, Plaintiffs seek to strike paragraphs 10 and 14 of defense counsel Jon Stride's ("Stride") declaration submitted with Defendants' motion to compel. *Id*. at 11-12. Plaintiffs argue that paragraph 10, in which Stride asserts that Plaintiffs have served at least one interrogatory that by Plaintiffs' own counting method would total 500 interrogatories. *See id*. and Dkt. 28 at 3.

**B.     Analysis**

"[C]ourts," including this one, "generally agree that 'interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (*quoting Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)).

Although, as Plaintiffs' observe, Defendants seek information about many invoices, accounts receivable statements and photographs, the Court finds that the subparts of each interrogatory at issue are logically and factually subsumed in the central question posed in each interrogatory at issue and are highly relevant to the core issues in this document-intensive case. For example, the invoice information Defendants ask for in interrogatory number 4 is specific to ramp systems, sections, landings or stairs, and ramp-related goods and services, which is highly relevant to central issues in this case and discoverable information that is part of a single question or common theme (invoices

related to or potentially related to ramps systems or similar items or services that may implicate the use of the Fredrickson drawings at the heart of the case and Defendants' counterclaims). The Court views the information sought in interrogatories 11 and 13 similarly.  Thus, the Court requires Plaintiffs to produce the responses requested to interrogatory numbers 4, 11 and 13, rather than answer by way of general information that points to discovery already produced.

As to the Stride declaration, the Court finds that paragraphs 10 and 14 need not be stricken. The statement in Stride's declaration at paragraph 10 appears to be an attempt to show that a somewhat analogous interrogatory existed in Plaintiffs' own interrogatories, as compared to the Defendants' interrogatories.  To the extent that, as Plaintiffs assert, it is Defendants' belated objection to their own interrogatories, paragraph 10 is simply irrelevant.  Regardless, it was not considered in the Court's deliberation on Defendants' motion to compel.  With respect to paragraph 14, in which Stride indicates that Defendants believe Plaintiffs operate a boat tower business that competes with Samson's business, Plaintiffs argue that it is irrelevant hearsay and an attempt to "impugn Plaintiffs with vague accusations." Dkt. 60 at 11. The Court finds that the statement is not hearsay, as Defendants are not attempting to submit this statement at trial to prove the truth of the matter asserted; rather, Stride submitted this information in support of their motion to compel discovery of documents that could provide relevant information to their defenses or counterclaims.  Even if the statement could be construed as hearsay, the Court did not find it relevant to its analysis of or conclusions about the Defendants' motion to compel.

## III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to compel (Dkt. 57) is **GRANTED** and Plaintiffs' motion to strike (Dkt. 60) is **DENIED**. Plaintiffs must respond to the interrogatories discussed above by January 13, 2014.

Dated this 2nd day of January, 2014.

BENJAMIN H. SETTLE
United States District Judge