1

2

3

4                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
                              AT TACOMA

5

6    DERRAL FLEMING, and MAG              CASE NO. C13-5062 BHS
     ENTERPRISES, LLC,
7                                         ORDER DENYING PLAINTIFFS'
                    Plaintiff,            MOTION FOR ISSUANCE OF
                                          REQUEST TO REGISTER OF
8                                         COPYRIGHTS PURSUANT TO 17
              v.                          U.S.C. § 411(B)92), AND STAY
9                                         PENDING RESPONSE
     SCOTT PARNELL, and SAMSON
10   SPORTS, LLC,

11                  Defendant.

12          This matter comes before the Court on Plaintiffs' Motion for Issuance of Request to

13   Register of Copyrights Pursuant to 17 U.S.C. § 411(b)(2), and Stay Pending Response (Dkt. 76).

14   The Court has considered the motion and the remainder of the file herein.

15                    **FACTUAL & PROCEDURAL BACKGROUND**

16          This case relates to five copyright registrations for technical drawings.  Dkt. 84, at 2–4.

17   Three registrations were submitted on April 3, 2012 (2012 registrations): VAu 1-098-698, VAu

18   1-098-703, and VAu 1-098-701.  The remaining two were submitted on February 27, 2013 (2013

19   registrations): VA 1-860-367, and VA 1-876-794.  *Id.*  All five registrations list Kevin

20   Frederickson as the sole author.  *Id.*

21          On January 29, 2013, Plaintiffs filed a civil complaint alleging that: (1) Defendants do

22   not own the copyrights asserted and Plaintiffs did not infringe on any copyright owned by

23   Defendants; (2) the copyrights are invalid; (3) the copyrights are actually owned and authored by

24

ORDER - 1

1   Plaintiff Mr. Fleming; (4) Defendants breached fiduciary duties to Plaintiffs by misappropriating

2   and/or converting partnership assets; and (5) the partnership has dissolved and the Court should

3   equitably distribute the partnership assets, including the disputed copyrights.  Dkt. 1.  On March

4   6, 2013, Defendants counterclaimed for: (1) two counts of copyright infringement against

5   Plaintiffs; (2) two counts of false advertising/false designation of origin/reverse passing

6   off/unfair competition against Plaintiffs; (3) two counts of breach of fiduciary duty against

7   Plaintiff Derral Fleming; (4) two counts of breach of the duty of good faith and fair dealing

8   against Plaintiff Derral Fleming; (5) improper accounting; (6) conversion of partnership

9   property; (7) tortuous interference with business relations; (8) unjust enrichment; and (9) breach

10   of contract against Plaintiff MAG Enterprises.  Dkt. 7.

11        In addition to this action, Defendant initiated an action in Clark County Superior Court in

12   November of 2012.  Dkt. 1 at 8; Dkt. 7 at 7.  The State Court appointed Mr. Fleming as the

13   Winding Up Partner on September 27, 2013 because "[t]he hardship imposed on Mr. Fleming by

14   ordering the Partnership to completely cease work during the pendency of this case outweighs

15   any potential hardship imposed on Samson Sports LLC."  Dkt. 83-9 at 3.  However, the parties

16   agree that the state court does not have jurisdiction to resolve whether the copyrights in this case

17   are valid and whether either party infringed upon them.  Dkt. 1 at 11; Dkt. 7 at 8.

18                                          **LEGAL STANDARD**

19        Litigation related to copyright disputes is regulated by the Copyright Act of 1976, 17

20   U.S.C. § 101, *et seq.*  Registration is a prerequisite to sue under the Copyright Act of 1976.  17

21   U.S.C. § 411.  A party challenging the validity of a registration must comply with 17 U.S.C. §

22   411(b), which provides that:

23

24

1      (1) A certificate of registration satisfies the requirements of this section and
       section 412, regardless of whether the certificate contains any inaccurate
2      information, unless--
               (A) the inaccurate information was included on the application for
3              copyright registration with knowledge that it was inaccurate; and
               (B) the inaccuracy of the information, if known, would have caused the
4              Register of Copyrights to refuse registration.
       (2) In any case in which inaccurate information described under paragraph (1) is
5      alleged, the court shall request the Register of Copyrights to advise the court
       whether the inaccurate information, if known, would have caused the Register of
6      Copyrights to refuse registration.

7          In one of the few instances in which the Copyright Register was called upon to deliver its

8    opinion to a federal court, the Register stated that:

9          17 U.S.C. § 411(b)(2) was amended to ensure that no court holds that a certificate
           is invalid due to what it considers to be a misstatement on an application without
10         first obtaining the input of the Register as to whether the application was properly
           filed or, in the words of § 411(b)(2), "whether the inaccurate information, if
11         known, would have caused the Register of Copyrights to refuse registration."

12   Response of the Register of Copyrights to Request Pursuant to 17 U.S.C. § 411(b)(2) at 10–11,

13   *Olem Shoe Corp. v. Wash. Shoe Co.,* No. 1:09–cv–23494 (S.D. Fla. Oct. 14, 2010).

14         Therefore, the Court must, first, determine the facts underlying the "inaccurate

15   information" and whether such information was known, and then, only once such determination

16   has been made, send a request to the Register of Copyright to determine the materiality of the

17   inaccurate information.  *See id.*; 17 U.S.C. § 411(b).

18         **MOTION FOR ISSUANCE OF REQUEST TO REGISTER OF COPYRIGHTS**

19         On February 10, 2014, Plaintiff filed this motion pursuant to 17 U.S.C. § 411(b)(2),

20   asking the court to submit questions to the Register of Copyrights and stay the proceedings

21   pending a response on those questions.  For each question, Plaintiffs ask if the Register would

22   have refused the registration, for each application, if it had known: (1) that "Samson Sports LLC

23   was not the owner of the copyrights" (2) "that the person listed as 'sole author,' Kevin

24

ORDER - 3

1  Frederickson, was not, in fact, the sole author;" (3) "that the person listed as 'sole author', Kevin

2  Frederickson, did not contribute protectable creative expression of his own registered work;" (4)

3  that "although Samson Sports characterized the work as unpublished, Samson Sports distributed

4  the work for viewing, review and use to third parties, and submitted the work to state and

5  municipal agencies to become part of publicly accessible records, before filing the registration;"

6  and (5) that "although any of the individual issues described above would not render the

7  application unregistrable, the combination of such errors in each application were known."  Dkt.

8  76.  Plaintiff also wishes to ask if the Register would have refused registration if it had known:

9  (1) that "Derral Fleming had been appointed statutory Winding-Up Partner by a court having

10  jurisdiction over the matter," for the 2013 registrations; (2) "that the deposit materials filed with

11  the Copyright Office do not match the work asserted by the Applicant as the registered work,"

12  for the 2012 registrations; and (3) that the applicant "failed to notify the Copyright Register that

13  the work for which registration is sought is, at the time of the application, subject of two lawsuits

14  in which an [sic] opposing parties plead that the person listed as the 'sole author'…was not, in

15  fact, the sole author and further that the works lack copyright protectable content, so that the

16  Register could request further information from the applicant in order to verify the applicant's

17  claims," for the 2013 registrations.  *Id.*

18          Specifically, Plaintiff argues that the copyright registrations are invalid because: (1) at the

19  time the applications were filed, the copies were owned by the Partnership, not by Samson

20  Sports, and Samson Sports was aware of this inaccuracy; (2) Defendants' deposit materials do

21  not match the works asserted to be covered by the Registrations; (3) if there was an author of the

22  works, the group of Mr. Fleming, Mr. Wallway, Mr. Parnell, and Mr. Fredrickson were the

23  authors, not Mr. Frederickson alone; (4) no work contained Mr. Frederickson's expression

24

ORDER - 4

1    because he was directed to make each drawing by the group; (5) the works were initially

2    registered as unpublished works in April 2012, but the February 2013 registrations purported to

3    correct the 2012 registrations by adding the publishing date of November 22, 2009; (6)

4    Defendants should transfer control of the pending applications to Mr. Fleming as the Winding

5    Up Partner; (7) if not for any one of the reasons above, the copyright should be invalidated based

6    on the cumulative effect of the deficiencies; and (8) Defendants failed to notify the Register of

7    this case and the action in state court.  Dkt. 76 at 4–6.

8        On February 24, 2014, Defendants responded, arguing that: (1) Samson Sports was the

9    owner of the copyrights during the time of 2012 registrations and the Partnership was the owner

10   during the 2013 registrations; (2) Plaintiffs do not allege that the deposit materials included

11   inaccurate information; (3) Mr. Frederickson was the author of the works because he fixed them

12   in a tangible medium; (4) Plaintiff has not alleged anything inaccurate about Mr. Frederickson's

13   "expression," and the works are sufficiently original under copyright law; (5) Samson Sports

14   mistakenly listed the 2012 registrations as unpublished, but corrected the error in the 2013

15   registrations according to Copyright Register instructions; (6) the state court order conflicts with

16   Plaintiff's request to transfer control of the pending applications to Mr. Fleming, who was

17   appointed as Winding Up Partner because he needed to use the works to earn a living; (7)

18   cumulative errors do not satisfy the § 411(b) test that the applicant had *knowledge* of inaccurate

19   information; and (8) there is no authority requiring disclosure of copyright litigation to the

20   Register of Copyrights and the copyright application does not require such information.  Dkt. 82.

21       On February 28, 2014, Plaintiffs replied that Defendants misstate the legal definition of

22   "author" and the reasoning in *Olem Show Corp. v. Wash. Shoe Co.*, 09-23494-CIV, 2011 WL

23   6202282 (S.D. Fla. Dec. 1, 2011), and ignores the plain language of § 411(b)(2).  Dkt. 88.

24

ORDER - 5

1    Plaintiffs also contend that Defendants filed 2014 applications which are also invalid.  *Id.*  In

2    addition, Plaintiffs directed the Court to three points made in its summary judgment motion (Dkt.

3    89): (1) Defendants knowingly filed the 2012 registrations under Samson Sports LLC rather than

4    the partnership; (2) Defendants knowingly filed works as unpublished when they were, in fact,

5    published; and (3) Defendants knowingly listed Mr. Frederickson as the sole author despite his

6    admission to the contrary.  *Id.*

7           On March 4, 2014, Defendant filed a motion to file a surreply.  Dkt. 102.  In its proposed

8    surreply, Defendants only cites a case which questions the validity of *Koster*, a case cited by

9    Plaintiff in its reply.  Dkt. 102.  Defendant argues that Defendants' cited case characterizes

10   *Koster* as "departing significantly from Ninth Circuit precedent."  *Id.* at 1–2.  Because the Court

11   otherwise reviews authorities cited by the parties, Defendants' Motion for Leave to File a

12   Surreply should be granted.

13          In addition to this motion, both Plaintiffs and Defendants currently have summary

14   judgment motions pending before the Court.  Dkt. 89, 94.  Some of the disputed factual issues in

15   those motions include: when the partnership between the parties was formed, who owned and

16   authored the copyrights, and whether listing the 2012 registrations as unpublished was a

17   scrivener's error or a knowing misstatement.  *Id.*

18                                          **<u>DISCUSSION</u>**

19          Many of the factual circumstances surrounding the copyright registrations in this case are

20   hotly disputed between the parties, both in this motion and in the motions for summary

21   judgment.  At this point, it has not been determined who owned the copyrights, who authored the

22   copyrights, whether Defendants knowingly misstated that the 2012 registrations were

23   unpublished, and whether Defendants knowingly misstated information regarding this action or

24

ORDER - 6

1    the state court action in the 2013 registrations.  Those determinations are within the purview of

2    this Court, not the Register of Copyrights.  Therefore, it would be imprudent on the eve of the

3    Court deciding dispositive motions and a jury trial in which the facts will be determined.

4             Additionally, 17 U.S.C. § 411(b)(2) was meant to glean the Register's opinion before a

5         court invalidates a copyright.  This case is not at that point.  Rather, the record is unclear

6    on many of the underlying facts, and the statute was not designed to permit the submission to the

7    Register of hypothetical questions when the disputed facts would ultimately have to be resolved

8    by the finder of fact.

9             Once such factual determinations have been made, a request may be sent for the

10   Register's analysis regarding the materiality of any knowing misstatements in the disputed

11   registrations.  Until such time, this motion is premature and should be denied without prejudice.

12                                            **<u>ORDER</u>**

13            It is hereby **ORDERED** that:

14        1.   Plaintiff's Motion for Issuance of Request to Register of Copyrights Pursuant to 17

15              U.S.C. § 411(b)(2), and Stay Pending Response (Dkt. 76) is **DENIED** without

16              prejudice as premature.

17        2.   Defendants' Motion for Leave to File Surreply (Dkt. 102) is **GRANTED** and the

18              Court accepts the proposed Surreply as Defendants' Surreply.

19        Dated this 24th day of March, 2014.

20

21

22        _____
          BENJAMIN H. SETTLE
          United States District Judge

23

24

ORDER - 7