UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DERRAL FLEMING, and MAG ENTERPRISES, LLC,<br><br>            Plaintiffs,<br><br>     v.<br><br>SCOTT PARNELL, and SAMSON SPORTS, LLC,<br><br>            Defendants. | CASE NO. C13-5062 BHS<br><br>ORDER ON PLAINTIFFS' MOTION FOR RULE 37 ORDER |

This matter comes before the Court on Plaintiffs' Motion for Rule 37 Order (Dkt. 77). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On February 14, 2014, Plaintiff filed this Motion for Rule 37 Order pursuant to Fed. R. Civ. P. 26, 33, 34, and 37(a), asking the Court to "(1) order full and complete response to Request for Production No. 28; (2) order production of the electronic copies

1   of the copyright deposits that Defendants uploaded to the Copyright Office upon which

2   the copyright registrations asserted in this action are based; [and] (3) bar Defendants from

3   presenting evidence on the 2012 copyright applications, striking them from the

4   pleadings." Dkt. 77 at 1.  Plaintiffs also request expenses pursuant to Fed. R. Civ. P.

5   37(a)(5).  *Id.* at 2.

6        Defendants responded on March 3, 2014, arguing that Plaintiffs have not stated

7   and cannot state sufficient justification for their requests because they have not satisfied

8   the conferral requirements of Fed. R. Civ. P. 37(a)(1).  Dkt. 99.

9        On March 6, 2014, Plaintiffs replied that Defendants repeatedly obstructed

10  Plaintiffs' attempts to discover evidence, deleted evidence, and gave Plaintiffs last-

11  minute discovery.  Dkt. 103 at 1.  Plaintiffs allege that Defendants failed to confer in

12  good faith on some issues, but do not address the meet and confer requirements raised by

13  Defendants' response.  *See id.* at 2.

14                              **II. DISCUSSION**

15        Fed. R. Civ. P. 37(a)(1) requires that a party moving for an order compelling

16  disclosure or discovery include a certification that the movant has in good faith conferred

17  or attempted to confer with the person or party failing to make disclosure or discovery in

18  an effort to obtain it without court action.  Local Rule CR 37(a)(1) provides that a good

19  faith effort by the movant to confer with the party or person not making a disclosure or

20  discovery requires a face-to-face meeting or a telephone conference.

21        Plaintiffs did not include a certification in the motion that they conferred or

22  attempted to confer with counsel for Defendants regarding the responses to Plaintiffs'

1  requests.  Plaintiffs do not address the meet and confer requirement directly, but they

2  mention that they conferred with Defendants at some points earlier in the discovery

3  process.  However, that is not a sufficient showing that Plaintiffs have attempted to meet

4  and confer to resolve the issues presented in this motion.  In fact, Plaintiffs state that upon

5  discovery of at least one of the issues in the motion, Plaintiffs' counsel immediately

6  notified defense counsel that he would be filing a motion to compel.  Dkt. 77 at 10–11.

7  That is precisely the behavior that Rule 37 seeks to avoid.  Failure to satisfy this

8  requirement is a sufficient basis for denial of Plaintiffs' motion.  *See, e.g., Beasley v.*

9  *State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709 (W.D. Wash. Mar 25, 2014).

10                                     **III. ORDER**

11         Therefore, it is hereby **ORDERED** that Plaintiff's Motion to Rule 37 Order (Dkt.

12  77) is **DENIED**.

13         Dated this 10th day of April, 2014.

14

15

16         _____
           BENJAMIN H. SETTLE
           United States District Judge

17

18

19

20

21

22